DAVIS, Judge.
 

 David Lee Green challenges the denial of his Florida Rule of Criminal Procedure 3.850 motion in which he alleged eight claims of ineffective assistance of trial counsel in conjunction with his conviction after jury trial for solicitation to commit murder. We affirm the denial of grounds two through eight of Green’s motion without comment. However, because the portion of the transcript the postconviction court attached to its order does not conclusively refute ground one of Green’s motion, we reverse the summary denial of that ground.
 

 The charges against Green stem from a taped conversation between Green and Michael Bemis, who was acting as a police informant. During the conversation, the two discussed Bemis’s murdering Green’s ex-wife for Green. In ground one of his postconviction motion, Green alleged that counsel was ineffective for failing to raise and prosecute a viable entrapment defense based on the fact that Bemis came to Green’s house and initiated the conversation. In summarily denying this claim, the postconviction court concluded that “the record reflects that trial counsel attempted to establish the defense of entrapment by inferring that the solicitation was
 
 *784
 
 induced by the police informant.” To support this conclusion, the court attached the transcript of counsel’s direct examination of Green. We do not agree that this attachment conclusively refutes Green’s allegation that counsel failed to present an entrapment defense.
 

 The attached transcript starts with the following exchange:
 

 Q. Did you ever in this tape honestly ask, from your heart of hearts, with sincerity, with zealous sincerity, did you ever ask Michael Bemis to kill Ginger Green?
 

 A. No, absolutely not.
 

 Q. Did you do anything to cause him to — did you try to persuade him or cause him by your actions to get him to go do something?
 

 A. No.
 

 Q. Try to induce him in any way on that tape?
 

 A. No.
 

 Q. Did you command, hire, encourage or request him?
 

 A. No.
 

 Q. To actually go kill Ginger?
 

 A. No.
 

 Counsel then asked Green what things on the tape “showed that you were not serious.” Green pointed out that Bemis “would be asking questions and I wouldn’t give him an answer ... [a]nd I would go ‘Er. Ah.’ And not give him an answer.” Counsel next asked Green to explain a game that he and Bemis sometimes played that they called “What If.” Green explained that the game consisted of them “defining ... the What Ifs, you know. What if you won the million dollars[?] What if we happen to be walking down the street and an armored car guy trips[?]” The transcript concludes with the following exchange:
 

 Q. Did you ever, on speaking any words, about having Ginger Green killed, actually intend for Michael Bemis to go kill her?
 

 A. Absolutely not. There’s no way.
 

 [[Image here]]
 

 Q. All right. Let’s change your answer. Let’s assume that you wanted her dead. Would you have hired Michael Bemis, of all the people in the world, to go and do it?
 

 A. He would be on the bottom of the bottom of the list.
 

 The transcript suggests that the defense theory presented at trial was that although Green and Bemis may have discussed killing Green’s ex-wife, Green was never serious and rather was only playing a game of “What If.” This is not an entrapment defense.
 

 Section 777.201(1), Florida Statutes (2000), states that entrapment occurs when law enforcement or its agent “induces or encourages and, as a direct result, causes another person to engage in conduct constituting [a] crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.” By this definition, to present an entrapment defense, one would have to admit that he or she committed the crime but did so only because of the actions of law enforcement. However, our review of the postconviction court’s record attachments, which do not include counsel’s closing argument or the jury instructions, suggests that counsel argued below that Green never committed the offense. Instead, counsel maintained that Green was just joking around and at no time intended for Bemis to kill his wife. Accordingly, the postconviction court’s record attachments do not refute Green’s claim that counsel failed to present an entrapment defense.
 

 
 *785
 
 We therefore must reverse the summary denial of this ground of Green’s rule 3.850 motion and remand the case to the post-conviction court for reconsideration of that ground. If the court again summarily denies the claim, it must attach portions of the record that conclusively refute the claim; otherwise, the court shall conduct an evidentiary hearing.
 
 See
 
 Fla. R.Crim. P. 3.850(d).
 

 Affirmed in part, reversed in part, and remanded.
 

 WALLACE and MORRIS, JJ., Concur.